Dear Mr. Meyer:
This letter is in response to your question asking whether the game you describe is prohibited under Missouri law. You state as follows:
 "The following game is desired to be played by a local not-for-profit organization; for a consideration a contestant receives a card with various squares identified with letters and numbers, said card being similar to a bingo card. When five squares are covered either horizontally, vertically or diagonally, the contestant qualifies to win a prize.
 "To win the prize the contestant has three chances in which to put a dart within a four inch circle (women, six inch circle) from ten feet away. If the contestant cannot put the dart within the circle within three tries, no prize is awarded and no consolation prize is given. If the contestant is successful, the contestant wins a prize."
Section 563.430, RSMo 1969, prohibits the making, establishment, or advertising of "any lottery, gift enterprise, policy or scheme of drawing in the nature of a lottery . . ."[1] Lotteries are also proscribed under the provisions of Article III, § 39(9) of the Missouri Constitution. As has long been recognized by the Missouri courts, such an illegal lottery contains three essential elements; (1) consideration from the participants, (2) a prize to be awarded, and (3) an element of chance in the outcome. MobilOil Corporation v. Danforth, 455 S.W.2d 505, 507 (Mo. banc 1970);State ex Inf. McKittrick v. Globe-Democrat Pub. Co., 110 S.W.2d 705,713 (Mo. banc 1937); State v. Emerson, 1 S.W.2d 109, 111 (Mo. 1927). Since it is not disputed that the first two elements are present in the above-described game, the sole issue herein is whether the contest at issue is sufficiently a game of chance to satisfy the third requirement of an illegal lottery.
It is clear that, had only the first part of the above-mentioned contest been present (making the game essentially one of bingo), the requisite element of chance would unquestionably be present. See Attorney General's Opinion No. 70, Phillips, 3-17-55 (enclosed). Thus, the only remaining question is whether the additional requirement, that the contestants winning the "bingo" portion of the competition hit a target with a dart, in some manner vitiates the chance factor. We conclude that it does not. Even if it is assumed that throwing a dart at a target of the designated size and distance is primarily a matter of skill rather than chance,[2] this clearly does not supplant the operation of chance as the dominant element in the game. As stated inState ex Inf. McKittrick v. Globe-Democrat Pub. Co., supra, "a contest may be a lottery even though skill, judgment, or research entered thereinto in some degree, if chance in a large degreedetermine[s] the result" (emphasis supplied). Id., at 713. Implicit in the game at issue herein is that the vast majority of contestants are eliminated by the operation of pure chance in the "bingo" portion of the contest, before the purported skill factor ever comes into play. That being the case, it is clear that chance is by far the larger factor in determining the winner of the game,[3] and that this contest therefore comes under the prohibition of lotteries in § 563.430.
This conclusion is strongly supported by past opinions of this office presenting analogous facts. In Attorney General's Opinion No. 65, Meyers, 10-21-57 (enclosed), for example, we held a contest in which participants wrote an essay on why they liked the sponsor's product in fifty words or less to be a lottery, for the reason that no criteria were specified for evaluating the essays, thus making the determination of the winners a matter of the individual bias and caprice of the judges. Similarly, a contest to guess the scores of twelve designated basketball games has been found to be a matter of chance where nine of the games were not local to the region where the contest was held, and further in view of the difficulty and uncertainty of predictions of the outcome of athletic events. Attorney General's Opinion No. 14, Cable, 4-14-60 (enclosed). See also State ex Inf.McKittrick v. Globe-Democrat Pub. Co., supra. An examination of the facts presented in these opinions and decisions clearly indicates that the chance factor present herein is more than sufficient to support the conclusion that the contest at issue is prohibited by the Missouri lottery statute.
Therefore, it is our view that the above-described game constitutes an illegal lottery under the provisions of § 563.430, RSMo 1969.
Very truly yours,
 JOHN ASHCROFT Attorney General
Enclosures: Op. No. 70, 3-17-55, Phillips
 Op. No. 65, 10-21-57, Myers
 Op. No. 14, 4-14-60, Cable
[1] A similar provision is also contained in the new Missouri Criminal Code. See §§ 572.010-572.120, RSMo 1977 Supp. (eff. 1-1-79).
[2] In view of the conclusion of this opinion, we do not find it necessary to pass upon the question of whether the dart game, standing alone, would be primarily a contest of skill or chance.
[3] As you note in your opinion request, identical facts to those herein were presented in People v. Settles, 78 P.2d 274, decided by the Appellate Department, Superior Court, Los Angeles County, California (1938). The California court held that the question of whether skill or chance was the dominant element of the game was a question for a jury to decide. The court did not rule that skill is a dominant element of the game. However, it is our view that the courts of Missouri would not follow such reasoning but that the reasoning of the Missouri courts in Stateex Inf. McKittrick v. Globe-Democrat Pub. Co., supra, and many other cases compel the holding that the game herein being ruled on is one in which chance is the dominant element and is therefore a lottery.